IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 2:14-CR-126 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | |
| SHANE K. FLOYD, *et al*. | : | |
| | : | |
| Defendants. | : | |

## ORDER

This matter comes before the Court on Defendant Christopher D. Martin's motion for leave to file a motion for new trial (Doc. 159) and Defendant Carl Robinson's motion to join Martin's motion for leave to file a motion for new trial (Doc. 162). Although both defendants self-style their motions as ones for "leave to file a motion for new trial"—defendants in truth seek leave from this Court to contact individual jurors from their case—jurors who unanimously voted to convict both defendants and who, when individually polled in open court regarding their votes, affirmed that they were uncoerced and a fair reflection of each juror's conscience.

Defendants seek this leave of court because counsel for one of their co-defendants, Shane Floyd, opted instead to violate: (1) Southern District of Ohio Local Rule 47.1, which prohibits counsel from contacting jurors, except with leave of court, and (2) this Court's admonition to counsel at the close of trial not to contact any jurors. (*See* Doc. 171.)  Floyd's counsel, having made *no* motion for leave of court to contact the jurors, unilaterally decided to hire a private investigator who then surreptitiously recorded conversations with two jurors. (*Id.*).  Floyd filed transcripts of those interviews in connection with a motion for new trial that alleged juror misconduct and improper ex parte communications between courtroom staff and the jury. (*Id.*).

On Friday, September 18, 2015, this Court entertained oral argument regarding Floyd's motion for new trial.  There, the Court noted that it had reviewed Floyd's motion and supporting transcripts of the juror interviews, as well as the Government's opposition.  After considering both parties' arguments, the Court concluded that Floyd failed to prove that a new trial was warranted for a host of reasons, including the following: (1) untimeliness under Federal Rule of Civil Procedure 33(b); (2) violation of Local Rule 47.1 and this Court's order at trial not to speak with any jurors; and (3) lack of merit with respect to any arguments predicated on alleged "newly discovered evidence" that otherwise *might* be timely—even accepting as true Floyd's very tenuous factual allegations.  (Doc. 171).

Martin and Robinson, who filed their motions for leave of court before this Court's September 18, 2015 hearing on Floyd's motion for new trial, apparently believed that, like Floyd, they might be able to muster up stories of juror discontent if they were allowed to interview individual jurors.  Nevertheless, the Court already has considered and rejected the very arguments that Martin and Robinson hope to make in support of their inevitable motion for new trial should the Court grant them leave to contact individual jurors.  Accordingly, and for the same reasons stated in this Court's order denying Floyd's motion for new trial, the Court finds their motions moot.  (*See id.*).

Martin's motion for leave to file a motion for new trial (Doc. 159) and Robinson's motion to join in his co-defendant's motion (Doc. 162) are therefore **DENIED AS MOOT.**

**IT IS SO ORDERED.**

       s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  September 25, 2015**